IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DEVANTE TYSHAWN FULLER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. EP-23-CV-9-DCG |
| | § | |
| JUDGE PATRICK GARCIA, | § | |
| 384th Judicial District Court, | § | |
| YVONNE ROSALES, Chief Prosecutor, | § | |
| and THOMAS HUGHES, Lead Attorney, | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Devante Tyshawn Fuller, proceeding *pro se* and *in forma pauperis*, alleges violations of his civil rights in a complaint brought pursuant to 42 U.S.C. § 1983. Pl.'s Compl., ECF No. 1-1. He asserts claims against Patrick Garcia, the District Judge for the 384th Judicial District; Yvonne Rosales, the former El Paso County District Attorney; and Thomas Hughes, his appointed lead defense counsel. His complaint is dismissed for the following reasons.

Fuller was arrested on June 8, 2020, for the murder of Daniel Hernandez in El Paso County, Texas. He was indicted for capital murder in case number 20200D04488 in the 384th Judicial District Court. *Id.*, Ex. C, ECF No. 1-1. He underwent a psychiatric evaluation and, after a hearing before a judge, was placed on a waiting list for a mental health facility or residential care facility for treatment aimed at restoring his competency. *Id.* at Ex. B and Ex. C; *see also* Tex. Crim. Proc. Code Chapter 46B (describing procedures for finding a defendant incompetent to stand trial and the consequences which flow from such a finding).[1] He complains he was not afforded a jury trial

---

[1] Tex. Code Crim. Proc. Ann. art. 46B.005 provides:

> (a) If after an informal inquiry the court determines that evidence exists to support a finding of incompetency, the court shall order an examination under Subchapter B to determine whether the defendant is incompetent to stand trial in a criminal case.

before he was committed, as required by Article 1, section 15A, of the Texas Constitution, and he was wrongfully detained in violation of Texas Code of Criminal Procedure Article 32.01.[2] *Id.* at 2. He concludes the Defendants misapplied the law and violated his due process rights. *Id.* He seeks declaratory relief and monetary damages. *Id.* at 3.

A complaint filed by a prisoner proceeding *in forma pauperis* is subject to a preliminary screening under 28 U.S.C. § 1915. A complaint filed by a prisoner seeking redress from an officer or employee of a governmental entity is also subject to review under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

---

(b) Except as provided by Subsection (c), the court shall hold a trial under Subchapter C before determining whether the defendant is incompetent to stand trial on the merits.
(c) A trial under this chapter is not required if:
(1) neither party's counsel requests a trial on the issue of incompetency;
(2) neither party's counsel opposes a finding of incompetency; and
(3) the court does not, on its own motion, determine that a trial is necessary to determine incompetency.

Tex. Code Crim. Proc. Ann. art. 46B.051 adds:

(a) If a court holds a trial to determine whether the defendant is incompetent to stand trial, on the request of either party or the motion of the court, a jury shall make the determination.
(b) The court shall make the determination of incompetency if a jury determination is not required by Subsection (a).
(c) If a jury determination is required by Subsection (a), a jury that has not been selected to determine the guilt or innocence of the defendant must determine the issue of incompetency.

[2] Tex. Code Crim. Proc. Ann. art. 32.01 states:

(a) When a defendant has been detained in custody or held to bail for the defendant's appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against the defendant on or before the last day of the next term of the court which is held after the defendant's commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

against a defendant who is immune from such relief.

Judges "are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Furthermore, they are not just protected from liability for damages, they are also protected from suit. *Mireles v. Waco*, 112 S. Ct. 286, 288 (1991). Because the process of committing Fuller for treatment aimed at restoring his competency for his criminal case is a judicial function, Judge Garcia is entitled to immunity. *See* Tex. Code Crim. Proc. Ann. art. 46B.005 and art. 46B.051. And because Fuller seeks compensation from a defendant who is immune from such relief, his claims against Judge Garcia will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

Prosecutors are entitled to absolute immunity from civil rights claims for actions taken in the scope of their duties in prosecuting the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("We hold . . . that in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) ("A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.' ") (quoting *Imbler*, 424 U.S. at 431). Because requesting and participating in a competency hearing for a criminal defendant is within the scope of a prosecutor's duties, former District Attorney Rosales is entitled to immunity from Fuller's claims. *See* Tex. Code Crim. Proc. Ann. art. 46B.005. Therefore, Fuller's claims against her will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2) because he seeks monetary damages from a defendant who is immune from such relief.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Fuller cannot establish that the actions of his appointed lead defense counsel Hughes entitle him to relief under § 1983 because it is well established that neither an appointed nor a retained counsel acts under color of state law in representing a defendant in a criminal case. *See Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) ("As Russell's retained counsel, Pinckney was not acting under color of state law, an essential for a § 1983 suit."); *Polk County v. Dodson*, 454 U.S. 312, 324 (1981) (concluding a public defender does "not act under color of state law in exercising her independent professional judgment in a criminal proceeding"). Therefore, Fuller's claims against appointed lead defense counsel Hughes will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Court accordingly enters the following orders:

**IT IS FURTHER ORDERED** that Walters's complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

SIGNED this \_\_\_6+\_\_\_ day of April 2023.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE